IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ANDREW PRATT,

                Plaintiff,

    vs.                                      Civil Action No.
                                            6:08-CV-1003 (DNH/DEP)

MICHAEL F. HOGAN, Commissioner,
NYS Office of Mental Health, *et al.*,

                Defendants.

_____

APPEARANCES:                                OF COUNSEL:

FOR PLAINTIFF:

ANDREW PRATT
Plaintiff, *Pro Se*
18859/405
CNY Psychiatric Center
P.O. Box 300
Marcy, New York 13403

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

      The clerk has forwarded to the court a civil rights complaint, an application for leave to proceed *in forma pauperis* ("IFP"), and a motion for preliminary injunctive relief, all of which have been filed in connection with this action by plaintiff Andrew Pratt, who is currently a patient at the Central New York Psychiatric Center ("CNYPC"), located in Marcy, New York, and

within this district.  *See* Dkt. Nos. 1, 2, and 3.  In his *pro se* complaint the plaintiff, an individual subject to involuntary civil confinement at CNYPC since November 9, 2007 under N.Y. Mental Hygiene Law Art. 10, alleges that he is an atheist and has been subject to various religious rituals and practices since his placement in the Sex Offender Treatment Program ("SOTP") at CNYPC, in violation of his rights under the First Amendment of the United States Constitution.  Pratt also claims that defendants Hogan and Sawyer are coercing him to submit to polygraph and penile plethysmograph[1] exams in an effort to obtain evidence to keep him confined at CNYPC, in violation of his right against self-incrimination under the Fifth Amendment.

Currently pending before the court, in addition to plaintiff's application to proceed *IFP*, is his motion for preliminary injunctive relief, precluding defendants during the pendency of the suit from using all religious-based treatment programs and from administering the polygraph and penile plethysmograph exams.  Because I find that plaintiff is unable to establish a likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping markedly in his favor, I

---

[1]  A plethysmograph is "[a]n instrument that measures variations in the size of an organ or body part on the basis of the amount of blood passing through or present in the [body] part." AMERICAN HERITAGE DICTIONARY 1338 (4th ed. 2000).

recommend that plaintiff's motion for preliminary injunctive relief be denied.

I.   COMPLAINT AND IFP APPLICATION

After reviewing the entire file, the court finds that the plaintiff may properly proceed with this matter IFP, since he has set forth facts establishing sufficient economic need.[2] See Dkt. No. 2. Additionally, the court finds that the plaintiff's complaint does not meet the criteria for *sua sponte* dismissal under 28 U.S.C. § 1915(e), which governs IFP proceedings, and directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[2]   The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), requires an inmate who seeks IFP status to pay, over a period of time, the full amount of the filing fee provided for in 28 U.S.C. § 1914(a), which is currently $350.00 for most civil actions. In addition, this district requires all inmates to submit an inmate authorization form issued by the clerk's office. See Northern District of New York Local Rule 5.4(b). As a civil detainee, however, plaintiff is not considered a "prisoner" under the PLRA. See *Makas v. Miraglia*, No. 05 CIV 7180, 2007 WL 724603, at *12 n. 6 (S.D.N.Y. March 5, 2007); *Gibson v. Comm'r of Mental Health*, No. 04 Civ. 4350, 2006 WL 1234971, at *3 (S.D.N.Y. May 8, 2006) (the definition of "prisoner" in the PLRA does not include a civil detainee). See also *Michau v. Charleston County*, S.C., 434 F.3d 725, 727-28 (4th Cir. 2006) (civil detainee is not a "prisoner" under the PLRA); *Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (same); *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (person civilly detained following completion of criminal sentence is not a "prisoner" within the meaning of the PLRA). Accordingly, plaintiff is not required to submit an inmate authorization form in order to be eligible for IFP status and avoid *sua sponte* dismissal by the court.

II.     INJUNCTIVE RELIEF

In his motion for injunctive relief, Pratt asks the court to issue an order preventing defendants from 1) using polygraph and penile plethysmograph exams on the plaintiff and 2) giving or teaching any program containing religious connotations, references, rituals, or practices. *See* Dkt. No. 3.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this circuit.  To warrant the issuance of a preliminary injunction, a movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  *D.D. ex rel. V.D. v. New York City Bd. of Educ.,* 465 F.3d 503, 510 (2d Cir. 2006); *see also Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992) (affirming a district court's denial of an inmate's request for preliminary injunction); *Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting a report and recommendation of a magistrate judge that denied inmate's request for injunctive relief).  An injunction is an extraordinary remedy, to be awarded only upon careful consideration of the competing interests of the parties presented in connection with an

4

application for such relief.  *Winter v. Natural Res. Def. Council*, No. 07-1239, 2008 WL 4862464, at *10 (U.S. Nov. 12, 2008) (citation omitted).

    1.    <u>Irreparable Harm</u>

As to this first factor, where an alleged deprivation of constitutional rights is involved, courts generally do not require a further showing of irreparable harm by the party seeking injunctive relief.  *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984).  In this case, Pratt alleges that he is being denied the right to freely practice according to his religious beliefs (or, more accurately, absence of religious beliefs). The Second Circuit has suggested that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Paulsen v. County of Nassau*, 925 F.2d 65, 68 (2d Cir. 1991) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Plaintiff further alleges he is being forced to incriminate himself in violation of his Fifth Amendment rights, and that inculpatory evidence derived from the constitutional deprivation could serve to extend the length of his civil confinement.  Accordingly, the court will assume, for purposes of this motion only, that Pratt may suffer irreparable harm if the requested relief is not granted.

    2.    <u>Likelihood of Success on Merits</u>

Despite the fact that he or she has established irreparable harm, a

party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes the existence of sufficiently serious questions going to the merits of a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino*, 967 F.2d at 77. In the present case, plaintiff has only submitted his own application for injunctive relief, containing the reasons why he believes his request should be granted. *See* Dkt. No. 3. Pratt has failed to submit proof or evidence, in either the form of affidavits or a verified complaint, which meet this standard. *See* Fed. R. Civ. P. 65(b); *see also Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 748-49 (S.D.N.Y. 1988). While this deficiency alone would justify denial of the plaintiff's motion, I will nonetheless proceed to examine the merits of his legal claims.

The Free Exercise Clause prohibits "governmental compulsion either to do or refrain from doing an act forbidden or required by one's religion, or to affirm or disavow a belief forbidden or required by one's religion." *Mozert v. Hawkins*, 827 F.2d 1058, 1066 (2d Cir. 1987), *cert. denied*, 484 U.S. 1066, 108 S. Ct. 1029 (1988).[3] While atheism falls within the realm of

---

[3] Plaintiff appears to be making a Free Exercise claim in his complaint (Dkt. No. 1), but then references the Establishment Clause in his motion for preliminary injunction (Dkt. No. 3). To the extent plaintiff may be claiming the SOTP violates

6

protection of the First Amendment, *see Alexander v. Schenk*, 118 F.Supp. 2d 298 (N.D.N.Y. 2000) (Kahn, J.), plaintiff has not set forth any beliefs or practices forbidden or required by his religion, and similarly has failed to establish any governmental compulsion regarding those beliefs or practices. *See Boyd*, 914 F. Supp. at 834. Particularly, plaintiff has failed to prove that he was coerced into participating in the alleged religious exercises by virtue of his SOTP enrollment, and that no secular alternatives were made available to patients raising religious objections to the content of the treatment programs. *See Warner v. Orange County Dept. of Probation*, 115 F.3d 1068, 1075 (2d Cir. 1997). Moreover, plaintiff has not presented the court with sufficient evidence to establish that the various treatment programs used in the SOTP, including Dialectic Behavior Therapy and "The Good Lives Model" – which, plaintiff claims, are based upon Zen Buddhism and Spirituality – are in fact religious in nature in First Amendment terms. *Compare Warner*, 115 F.3d at 1075 (finding a "Twelve Steps" program which "placed a heavy emphasis on spirituality and prayer" and instructed belief in "a Power greater than ourselves" was an intensely

---

the Establishment Clause, the court finds that argument similarly unavailing, particularly in light of the plaintiff's failure to offer proof that the program has a non-secular purpose and that the principle or primary effect of the program is to promote or inhibit religion. *See Boyd v. Coughlin*, 914 F. Supp. 828, 831-33 (N.D.N.Y. 1996) (McAvoy, C.J.).

religious event) *with Boyd*, 914 F. Supp. at 833 ("This court is unaware of a controlling decision that equates spirituality with religion, such that any reference to spirituality in . . . [a] treatment program . . . runs afoul of the First Amendment.") *and Moore v. Trippe*, 743 F. Supp. 201, 203 n.1 (S.D.N.Y. 1990) ("This court does not understand Zen Buddhism to be a religion in the traditional sense.").

Plaintiff has similarly failed to put forth any proof or evidence regarding his self-incrimination claims. Specifically, plaintiff has failed to submit evidence to show that the SOTP constitutes unconstitutional compulsion under the Fifth Amendment. *See Edwards v. Ladlair*, No. 9:07-CV-00059, 2008 WL 315 6214, at *5 (N.D.N.Y. Aug. 4, 2008) (Singleton, Jr., J.) (citing *McKune v. Lile*, 536 U.S. 24, 44-45, 122 S. Ct. 2017, 2030-31 (2002)) ("The test, as articulated in *McKune*," for whether sex offender treatment programs requiring discussion of criminal history "constitute compulsory self-incrimination within the scope of the Fifth Amendment's . . . proscription . . . . depends upon the severity of the consequences [resulting from] the choice made by the prisoner not to participate and discuss his crimes."); *see also United States v. Jones*, 299 F.3d 103, 111 (2d Cir. 2002) (quoting *McKune*, 536 U.S. at 49, 122 S. Ct. at 2033 (O'Connor, J., concurring)) ("Not all pressure necessarily 'compels'

incriminating statements"). I note, moreover, that, the Second Circuit has held that requiring the use of a polygraph examination for a convicted sex offender as a condition of supervised release does not violate the privilege against self-incrimination because polygraph evidence is generally inadmissible, and the individual would be free to challenge the evidence should it be used against him in a future proceeding. *United States v. Johnson*, 446 F.3d 272, 278-80 (2d Cir. 2006); *United States v. Santiago*, No. 03 Cr. 664, 2008 WL 1959548, at *1 (S.D.N.Y. May 5, 2008) (citing *Johnson*, 446 F.3d at 278-80); *see also United States v. Zinn*, 321 F.3d 1084, 1090-92 (11th Cir. 2003) (requiring polygraph testing as a condition of supervised release generally does not violate the Fifth Amendment). Moreover, a penile plethymograph does not implicate plaintiff's Fifth Amendment right against self-incrimination because the procedure is not testimonial, but rather a physical test of plaintiff's sexual reactions to various stimuli. *See Walrath v. United States*, 830 F. Supp. 444, 446 (N.D. Ill. 1993). Additionally, there is no indication that the results of a plethysmograph could be used to criminally prosecute plaintiff; instead the results are more likely used to assess Pratt's progress in the treatment program. *Id.*

      Finally, to the extent plaintiff is claiming that, as a result of any

9

potentially incriminating statements, the term of his civil confinement may be lengthened, as opposed to a claim of subsequent criminal prosecution, I note that such claims are not cognizable under the Fifth Amendment, which only protects an individual from being forced to make incriminating statements that might reasonably be used against him or her in a later criminal proceeding. *See Pillsbury Co. v. Conboy*, 459 U.S. 248, 273, 103 S. Ct. 608, 622 (1983) (Blackmun, J. concurring) (quoting *Brown v. Walker*, 161 U.S. 591, 597, 16 S. Ct. 644, 647 (1896)) ("It is, of course, black-letter law that a witness cannot assert a Fifth Amendment privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, criminal prosecution against the witness.'"); *See also Andover Data Serv. v. Statistical Tabulating Corp.*, 876 F.2d 1080, 1082 (2d Cir. 1989) ("The prohibition against compelling the testimony of a witness in any setting is predicated upon there being a real danger that the testimony might be used against the witness in later criminal proceedings.").

    Plaintiff has failed to demonstrate to the satisfaction of this court that he has either a likelihood of succeeding on the merits of his alleged claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him. For the reasons stated above, I recommend that plaintiff's request for injunctive relief be denied.

III.     SUMMARY

Based on the above, it is hereby

ORDERED, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is GRANTED.[4]  The clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the named defendants.  The Clerk shall forward a copy of the summons and complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order; and it is further

RECOMMENDED, that plaintiff's motion for injunctive relief (Dkt. No. 3) be DENIED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

---

[4] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

Report and Recommendation upon the parties in accordance with this court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   November 14, 2008
         Syracuse, New York